**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| ZUJEILY ADORNO MERCADO | CASE NO.: 19-06479 (**BKT**) |
| **DEBTOR (S)** | CHAPTER 13 |
| FIRSTBANK Puerto Rico: First Leasing<br>**MOVANT** | |
| ZUJEILY ADORNO MERCADO<br>Alejandro Oliveras Rivera<br>**RESPONDENT (S)** | |

**OBJECTION TO CONFIRMATION**

TO THE HONORABLE COURT:

COMES NOW, Movant FIRSTBANK PUERTO RICO: - First Leasing, through its undersigned attorney and very respectfully states and preys with the corresponding memorandum of law in compliance with Local Rule Bankruptcy L Rule 9013-2:

**I. JURISDICTION.**

1- The jurisdiction of the Honorable Court is ascertain under Title 28 USC§1334, Title 28 USC §157, 11 USC §365 (1) (A), (B), and (C) on Executory Contract and Unexpired Leases, and 11 USC §1322 (a) (7) on Contents of Plan, and 11 USC §1327 (a) on Effect of Confirmation.

**II. STATEMENT OF FACTS.**

2. The debtor(s) filed a voluntary petition under chapter 13 of the Bankruptcy Code on November 4, 2019 which operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this

title; (3) any act to obtain possession of property of the estate or of portion from the estate or to exercise control of any property of the estate; .... 11 USC §362 (a) (1), (2), (3) et. seq.

3. On November 19, 2019, Movant filed a proof of claim to a personal lease agreement contract for the amount of $33,636.00 dollars under account number 1200, with THREE (3) pre-petition arrears for the amount of $1,529.34. See, Clm. Reg. 3.

4. The debtor proposed a plan dated February 5, 2020. The propose plan provides for the assumption of both leases; but: (1) with the disclosed pre- petition arrears. Yet, it does not provide for the already due TWO (2) post- petitions arrears and (2) it does not provide for the residual in the amount of $10,700 as to how debtor intends to pay it. See, Bkcy Dck no. 21 at pages 7 of 10 under Part 6 on Executory Contracts and Unexpired Leases and page 8 of 10 at Part 8 on Nonstandard Provisions which is silent as per the residual value and how debtor intends to pay it. See, as well, Attachment A and B.

5. It is Movant contention that Title 11 USC §365 (b) (1) (A) (B) and (C), on Executory Contracts and Unexpired Leases sets the rule; thus, this plan is contrary to the provisions under 11 USC §365 and in that same line objects to the confirmation of the plan as proposed. It is Movants contention that plan dated February 5, 2020 does not comply with Title 11 USC §365 (b) (1) (A) (B) and (C), on promptly cure of the arrears and assurance of future performance.

**V. DISCUSSION: OF LEGAL BASIS FOR THE OBJECTION.**

Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

6. Title 11 USC §1322 (b) (7) provides:

> **(b)** Subject to subsections (a) and (c) of this section, the plan may—
>
> > **... (7)** subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section; ...

7. Title 11 USC §365 provide that:

> **(a)** Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> **(b)**
>
> **(1)** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>
> **(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> **(C)** Provides adequate assurance of future performance under such contract or lease

8. Bankruptcy Rule 6006 sets the procedures to Assume, Reject or Assigned an Executory Contract of Unexpired Lease. To that effect, BR 6006 provides:

> (a) PROCEEDING TO ASSUME, REJECT, OR ASSIGN. A proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014.
>
> (b) PROCEEDING TO REQUIRE TRUSTEE TO ACT. A proceeding by a party to an executory contract or unexpired lease in a chapter 9 municipality case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case, to require the trustee, debtor in possession,

or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014.

(c) NOTICE. Notice of a motion made pursuant to subdivision (a) or (b) of this rule shall be given to the other party to the contract or lease, to other parties in interest as the court may direct, and, except in a chapter 9 municipality case, to the United States trustee.

9. Section 365 deals with two kinds of pre-bankruptcy transactions: (1) "executory contracts" and (2) "**unexpired leases**". Neither of these quoted phrases are defined anywhere in the Code. The trustee may elect either of "reject" (i.e. "breach"), "assign" (i.e. "transfer") or "assume" (i.e. retain") any such contract or lease. ...the requirements in subsection (C) also apply to assumptions. An assumption must also satisfy the various requirements of assumption of subsection (b) if and only if there was a pre-bankruptcy default.... ***3 Collier on Bankruptcy, ch. 365 (Matthew Berner)***

10. Section 365 (a) of the Code requires court approval for the assumption or rejection of an executory contract by the trustee of debtor in possession... FBRP 6006 provides a procedure for obtaining court approval. Subdivision (a) by referring to Rule 9014 requires a motion to be brought for the assumption, rejection, or assignment of an executory contract. Normally, the motion will brought by the trustee, debtor in possession or debtor in a chapter 13. The authorization to assume a contract and assign it may be sought in a single motion and determined by a single order. ***10 Collier on Bankruptcy, chs 6006 and 9014 (Matthew Berner), Advisory Committee Note – FRBP 6006***

11. The auto lease is assumed in the chapter 13 when the debtor wants to keep the car. <u>Assuming the lease means the debtor agrees to abide by the terms of the auto lease</u>. The entire contract must be assumed or rejected. The terms of the lease cannot be changed as it relates to the regular monthly payments of weekly payments on the lease. Typically the terms include the continuance of timely payments and maintaining auto insurance. <u>A debtor cannot partially assume a lease; the lease must be assumed in its entirety or not at all</u>. Therefore, a debtor cannot pick the favorable provisions, and reject the unfavorable provisions. The chapter 13 plan can give the debtors no greater rights in the vehicle than exist outside of bankruptcy. The court in, ***In re Calloway, Case No. 1050531, MDNC, Winston-Salem Division, J. Aron (Oct. 28, 2010)***, quoting ***In re Olympia Holding Corp., 188 BR 287, 295 (M.D. Fla. 1994); In re PSA, Inc. 335 B.R. 580, 588 (Bankr. D. Del. 2005).; In re Gulf Air,***

***Inc. 890 F2nd 1255, 1261 (1rst Cir. 1989)*** Property rights are determined by State Law. ***Butner v United States, 440 U.S. 48, 55 (1979)***

12. Under 11 USC §1322 (a) (7) a debtor can assume an unexpired lease for a car in a chapter 13. The Honorable Court shall take notice that this right is subject to the provisions of sections 365. To that effect the Code is clear: … "If there has been a default in the executory contract or unexpired lease of the debtor, the chapter 13 debtor may not assume the lease unless, at the time of assumption of such contract or lease, [the debtor] -

> **(A)** cure, or provides adequate assurance that the trustee will **promptly cure**, such default…
> **(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> **(C)** provides adequate assurance of future performance under such contract or lease."

13. Learned treatises in chapter 13, interpreted that payments due at the petition under a lease, rental contract or other executory contract are ordinary prepetition claims in chapter 13 case, but get special treatment through the plan. That is way, if a debtor assumes a prepetition lease or executory contract under §365 and §1322 (b) (7), the prepetition defaults must be cured "promptly" (or faster) consistent with §365 (b) (1). ***Keith M Lundin & William H Brown, Chapter 13, 4th Edition, §296.1, at ¶ [1], Sec Rev June 30, 2004***

14. But what constitutes "prompt" in order to assert a lessor should be entitled preferential *and/or* special treatment of the cure on its pre-petition lease arrears? The Code is silent; indeed, the term "promptly cure" and "adequate assurance" of such prompt cure are not defined buy the Code. But case law is not silent. The general rule is that the cure of monetary defaults under 11 USC §365 must be made at or near the time the contract is assumed. ***ABI Journal, Vol. XXIII, no. 1, February 2004***

15. To that effect, when the bankruptcy court in In re Reed, was faced with the request of a Creditor that moved for the reconsideration of the confirmation of debtor's chapter 13 plan, under which debtors' had 18 months to cure their lease arrears, the Reed Court ruled that **six months was the maximum permissible period of time in which debtors could cure their automobile lease arrears**. ***In re Reed, 226 B.R. 1 (Bkctcy. W.D.Ky. 1998)*** Here, the Court agrees with the various Courts, and learned treatises which have held that the prompt cure provisions of 11

USCA §365 (b) (1) which requires a "cure" to be effectuated in a far shorter time than contemplated by the provisions of governs cures of 11 USCA §1322 (b) (5) which governs cured of arrearage on long term debts. The Court followed in generally the rulings in ***Matter of DiCamillo, 206 B.R. 64 (Bkctcy. D.N.J. 1997); Lundin, Chapter 13 Bankruptcy, 4-91 (1997); see as well In re Morgan, 181 B.R. 579 (Bkctcy N.D. Ala. 1991)***

16. The Reed Court also concluded that after considering the scant precedent, ...unless the parties otherwise agreed, the Court will have to determine, on a case by case basis, what constitutes "prompt cure" for purposes of 11 USCA §365 (b) (1). In cases such as these the Court listed the following items that should be considered:

1. the nature of the lease property;
2. the provisions of the lease;
3. the amount of the arrearage under the lease;
4. the remaining term of the lease; and
5. the provisions of the debtors proposed plan.

17. In the case of ***In re Daugherty, 102 B.R. 167 (Bktcy. E.D.Mo. 1989)*** the court lifted the stay in favor of the lessor. The Daugherty Court "announced its Findings and Conclusions from the bench" (*quoting the court*). Here a chapter 13 debtor sought to assume a lease unexpired sublease agreement with leasee of car. The court ruled that –

> **Assumption of an unexpired lease requires an assurance that the Debtor or the trustee will promptly cure the default associated with the lease. See, USC §362 (b) (1) (A). In the present case, the default by means of the chapter 13 trustee's distributions to Mr. Bajardi concurrently with distributions upon secured claims held by three other creditors. The default to Mr. Bajardi, therefore, would not be cured until more than one year after the commencement of the case.** The Court has concluded that this provision of the proposed plan does not promptly cure the default as required by section 365 (b) (1) (A). The Debtor's plan is not otherwise capable of being confirmed.

18. Following that line of cases, the Bankruptcy Court in General Motors Acceptance Corp. v Roosevelt Lawrence ruled upon an action brought by the owner and holder of an automobile lease to compel the assumption or rejection of the lease and the curing of a prepetition default for $554.10 dollars, that –

> **It seems unlikely that a period in excess of one year would be considered by this Court to be a prompt cure of a default under section 365 (b) (1) (A).** More likely, the term "promptly" demands a more immediate payment than "a reasonable time". ***General Motors Acceptance Corp v Lawrence, 11 B.R.44, 45 (Bkcy N.D. Ga. 1981);*** See as well, ***In the Matter of Gary DiCamillo, 206 B.R. 64 (Bkcy D.N.J. 1997) Keith M Lundin, Chapter 13 Bankruptcy, §4.89 at 4-91(2nd Ed. 1994)*** Other courts rejecting longer terms are, ***In re Flugel, 1997 B.R. 92 (Bkcy S.D. Cal 1996) (propose cured over 10 years not prompt); In re Embers 86th St., Inc. 184 B.R. 892 (Bkcy S.D.N.Y. 1995) (29 months); In re Liggins, 145 B.R. 227 (Bkcy E.D. Va. 1992) (48-60); In re Lloyd. No 92-12508S, 1992 WL 167067 (Bkcy E.D. Pa. July 6, 1992) (3-5 years); In re Yokley. 99 B.R. 394 (Bkcy M.D. Tenn. 1989) (2 years)***

19. As we mentioned at the beginning of this discussion, the assumption of a contract involves its reaffirmation by the debtor or the trustee. The entire contract must be assumed or rejected. Its provisions cannot be "cherry picket". National Association of Labor Relations v. Bildisco & Bildisco, 465 US 513, 531 (1984). As provided under 11 USC 365 (b) (1) (A) (B) (C) a debtor or trustee may assume an executory contract or an unexpired lease that is in default, only if the debtor or trustee "cures, compensates, and assures", meaning that it:

> (A) cures, or provides adequate assurance it will promptly cure defaults;
>
> (B) compensates, or provides adequate assurance it will be promptly compensate, the counterparty for actual pecuniary loss resulting from default; and
>
> (C) **provides adequate assurance of future performance.**

20. Pertaining to "the adequate assurance of future performance", this requirement will be met if debtors' proposal contains three basic safeguards. **First of all, the debtor must earn sufficient disposable income to allow him to pay the arrearage and costs within the time period specified, in addition to his other plan payments. Second, the debtor must make current rent payments as they fall due. Third, the lessor must be given a quick and relatively inexpensive avenue for obtaining relief from the stay if the debtor either defaults on any current rent payments or any prompt payment.** ***In re Morgan, 181 B.R. 579 (Bkcy N.D. Ala. 1994)***

21. Furthermore, Bankruptcy Courts have ruled that: "The mere filing of a plan of reorganization providing for the assumption will not satisfy the statutory requirements if the plan

is not served upon the party to the contract or lease." ***In re Jennings, 204 BR (Bankr. W.D. Wash. 1997); Accord In re Ford, 159 BR 930 (Bankr. W.D. Wash. 1993)*** Likewise, bankruptcy courts ruled that: "A court may reject debtor's motion to assume for failure to express a "clear, unequivocal, affirmation to assume" and set forth the "minimal cure, compensation, and adequate assurance requirements." ***In re Ford, 159 BR 930 (Bankr. W.D. Wash. 1993)***

**VI. CONCLUSION & PLEA.**

Section 365 of the Bankruptcy Code provides that a bankruptcy trustee or debtor in possession, subject to Court approval, *may* under certain conditions assume or reject an executory contract or unexpired lease. If the bankruptcy trustee or the debtor assumes a lease, all arrearages must be cured, and adequate assurance of future performance must be provided. **11 USC §365 (b)** In this case the debtor intends to assume the lease with THREE prepetition arrearages for $1,529.34 that will be start to be paid though the chapter 13 starting on the 13th month, and already have TWO [2] post- petition in the amount of $995.29 and does not provide for the residual value. See, Clm. Reg 3 and Exhibit A and B. The subject of the personal lease is the automobile. It is Movants contention that in a chapter 13 case the debtor has the responsibility of making plan payments for the benefit of all creditors. In order, to meet this obligation, the debtor usually must use the automobile for the purpose of transportation to and from work. Likewise, vehicles are used to for most families to buy basic necessities such as food and clothing. Actual use of the vehicle provides a direct benefit to the estate the form of continued payments when the car is used to facilitate work. Thus, according to 11 USC §365 (b) (1) (A) (B) (C), the case law and the learned treatises brought to the attention of this Honorable Court it is also Movants' contention that it is entitled to the prompt cure of its arrears, and that 13th months to start receiving payments on the pre- petition arrears are not "promptly" enough under the law. Last, but not least, it is Movants' contention that *if* the Honorable Court approves the assumption of the lease by these debtors, then that lease must be assumed in its entirely, and all its provisions must be complied by the debtor in accordance to the clauses under the lease contract. Any lease a debtor assumes must be assumed in its entirety; *cum onere*, taking the bad with the good. National Labor Relations Board v. Bildisco & Bildisco, 465 US 513, 531 (1984) This is one of the quintessential principles of the Bankruptcy Code, … when a debtor assumes an executory contract, it must be assumed as a whole – a debtor (or chapter 13) cannot cherry pick the contract provisions it wants to assume while rejecting the others.

WHEREFORE, Movant respectfully requested from this Honorable Court to deny confirmation of the plan until the debtor's evidenced compliance applicable provisions under 11 USC §365 (b) (1) (A) (B) (C).

Respectfully submitted to this Honorable Court,

**RESPONSE TIME NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Rule 9013-1 (h)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this the same day of the filing of this motion the a copy of this Motion its being sent by the CM/ECF Bankruptcy System, at the address authorized on the docket, to : - the Debtor(s) counselor ROBERTO FIGUEROA CARRASQUILLO, - to Atty. Alejandro Oliveras Rivera//Atty. José Carrión Morales, the Chapter 13 - US Trustee, - to all the creditor's in the List of Creditors, and by first class mail to the Debtor's ZUJEILY ADORNO MERCADO, at the address on record, PRADERAS DE NAVARRO BZN 325 PLATA ST., GURABO, PUERTO RICO 00778.

In San Juan, Puerto Rico, this 16th day of April 2020

BY: /s/ María M. Benabe Rivera
María M. Benabe Rivera
Attorney for Movant - US - DC 208906
Maricarmen Colón Díaz – US – DC 211410
FIRSTBANK Puerto Rico

Centro de Servicios al Consumidor – Código 248
1130 Muñoz Rivera Ave., Rio Piedras, P R
PO Box 9146, San Juan, PR 00908-0146
maria.benabe@firstbankpr.com
(787)729-8135 / (787)729-8276

[Rev. 04/2020]

**CASO:19-06479**
**PLAN ENMENDADO: 5-FEBRERO-20**

| AÑO | MESES | ARREARS FB | ARREARS EQUITY | INFULL CASH MAX | INFULL ASOC | HON SINDICO | HON ABOGADO |
|---|---|---|---|---|---|---|---|
| | | CLAIM 3 | CLAIM 7 | CLAIM 5 | CLAIM 15 | | |
| | 2019 ENE | | | | | | |
| | FEB | | | | | | |
| | MAR | | | | | | |
| | ABR | | | | | | |
| | MAY | | | | | | |
| | JUN | | | | | | |
| | JUL | | | | | | |
| | AGO | | | | | | |
| | SEP | | | | | | |
| | OCT | | | | | | |
| PLAN | NOV | | | | | | |
| 1 | DIC | | | | | $29.50 | |
| 2 | 2020 ENE | | | | | $29.50 | |
| 3 | FEB | | | | | $29.50 | |
| 4 | MAR | | | | | $29.50 | |
| 5 | ABR | | | | | $29.50 | |
| 6 | MAY | | | | | $29.50 | $1,563.00 |
| 7 | JUN | | | | | $29.50 | $265.50 |
| 8 | JUL | | | | | $29.50 | $265.50 |
| 9 | AGO | | | | | $29.50 | $265.50 |
| 10 | SEP | | | | | $29.50 | $265.50 |
| 11 | OCT | | | | | $29.50 | $265.50 |
| 12 | NOV | | | | | $29.50 | $265.50 |
| 13 | DIC | | | | | $39.50 | $355.50 |
| 14 | 2021 ENE | $8.91 | $21.78 | $60.39 | $5.94 | $39.50 | $256.50 |
| 15 | FEB | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 16 | MAR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 17 | ABR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 18 | MAY | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 19 | JUN | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 20 | JUL | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 21 | AGO | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 22 | SEP | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 23 | OCT | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 24 | NOV | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 25 | DIC | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 26 | 2022 ENE | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 27 | FEB | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 28 | MAR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 29 | ABR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 30 | MAY | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 31 | JUN | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 32 | JUL | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 33 | AGO | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 34 | SEP | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 35 | OCT | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 36 | NOV | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 37 | DIC | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 38 | 2023 ENE | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 39 | FEB | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 40 | MAR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 41 | ABR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 42 | MAY | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 43 | JUN | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 44 | JUL | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 45 | AGO | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 46 | SEP | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 47 | OCT | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 48 | NOV | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 49 | DIC | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 50 | 2024 ENE | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 51 | FEB | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 52 | MAR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 53 | ABR | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 54 | MAY | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 55 | JUN | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 56 | JUL | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 57 | AGO | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 58 | SEP | $31.99 | $78.21 | $216.85 | $21.33 | $39.50 | |
| 59 | OCT | $112.87 | $71.16 | $33.21 | $75.34 | $39.50 | |
| 60 | NOV | | | | | $39.50 | |
| | | $1,529.34 | $3,534.18 | $9,635.00 | $1,019.80 | $1,815.50 | $3,768.00 |



## IN THE UNITED STATES BANKRUPTCY COURT

IN RE: **ZUJEILY ADORNO MERCADO**

DEBTOR (S)

FIRSTBANK PUERTO RICO

MOVANT

VS.

RESPONDENT (S)

Case No. 19-06479
Chapter: 13

Index

[ ] of acts against property under 11 USC 362 (D) (2)

[X] of acts against property under 11 USC 365 (D) (2)

[ ] of other acts under II USC (D) (1) 1307

[ ] of co-debtor stay under 11 USC 1201 (c) (2) or 1301 (c) (2)

Creditor: Movant

Account Number: **-**-*****1200

**STATEMENT OF AMOUNT DUE INCLUIDING A BREAKDOWN IN THE FOLLOWING CATEGORIES**

As of Date:

Per Diem Interest:

| | | | |
|---|---|---|---|
| 1. | Principal Balance Due: | | $31,738.50 |
| 2. | Interest Due: From: | | $ - |
| 3. | Late Charges Due: | | $ - |
| 4. | Advance for: | Taxes | |
| | | Others charges | $ - |
| 5. | Attoneys cost & fees | | $ - |
| 6. | Any other charge | (Motion) | $ 181.00 |
| 7. | Total | | $31,919.50 |

**I,Yvette Huertas, Assistant Vice President of FirstBank Puerto Rico, declares under penalty of perjury the laws of the United States that the foregoing is true and correct.**

**In San Juan, Puerto Rico this April 15, 2020.**

AttachmentB

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ZUJEILY ADORNO MERCADO**

DEBTOR (S)

FIRSTBANK PUERTO RICO
MOVANT

VS.

RESPONDENT (S)

Case No. 19-06479
Chapter: 13

**STATEMENT OF INSTALLMENTS DUE**
**COST AND ATTORNEY'S FEES OWD ON PERSONAL LOANS**
**CONDITIONAL SALES CONTRACT NUMBER:**

**-**-*****1200

As of April 15, 2020

**A.** PRE-PETITION

| | | | | |
|---|---|---|---|---|
| 3 | Monthly installments of | $ 485.50 | Due | $ 1,456.50 |
| 3 | Monthly installments of | $ 24.28 | Due | $ 72.84 |

Total pre-petition installments and late charges due **$ 1,529.34**

**B.** POST-PETITION

| | | | | |
|---|---|---|---|---|
| 2 | Monthly installments of | $ 485.50 | Due | $ 971.00 |
| 1 | Monthly installments of | $ 24.28 | Due | $ 24.28 |

Total post-petition installments and late charges due **$ 995.28**

**C.** ATTORNEYS FEES

**TOTAL INSTALLMENTS DUE, COST AND ATTORNEYS FEES OWED**

```
AMAI          04/15/20                ACCOUNT INQUIRY         11:51:32                  KO
CUR
CTL2 001   CTL3 000   CTL4 0000   ACCT XXXXXXXXXX1200      EFF DATE          04/15/20
CTL2 000   CTL3 000   CTL4 0000   CUST 00000598100039      PART NONACCRL
                                 ******** RATES *********  PRECOMPUTED - ADD ON
PAYOFF                29495.10                             AUTO DR                  N
ORIG LOAN AMT         39806.00   CURR RATE       5.9500000 PROD TYPE             A781
ORIG PROCEEDS         30995.00   ORIG RATE       5.9500000 PRIM OFFICER          323
LT CHG DUE              168.46   PER DIEM        0.0000000 GL KEY 070010001 21
FEES DUE                  0.00   ********* DATES ********  CALL CODE             06B0
CURRENT PRIN          31738.50   CONTRACT DATE    04/11/18 ***** REPAYMENTS *****
CURRENT INT            2852.86-  CURR MATURITY    10/15/23 CURR TERM               66
SCH PYMT AMT            485.50   CLOSED DATE               PYMTS MADE              19
CUR PYMT AMT            485.50   SCHED DUE DATE   04/15/20 PYMTS REM               47
PAST DUE AMT           1875.45   OLDEST DUE DATE  12/15/19 MONTHS EXTD    0 REN 000
PARTIAL PAID             66.55   LAST MAINT DT    11/08/19 YTD INT COL           0.00
***************************      LST BAL CHG DT   03/18/20 INT COL PRV      1083.50
ZUJEILY ADORNO-MERCADO                                     ***** CREDIT HIST *****
BUZON 325 CALLE PLATA                                      011 016 030 060 090 000
URB PRADERAS DE NAVARRO                   COLLATERAL       002 001 003 000 004 002
GURABO                       PR 00778     CODE: AUTO
PH (      ) (       )                     DESC: T/IZY985
PF1-NEXT STAT  PF2-PREV STAT  PF3-ADDL INFO
AMPCGIS1 AM7294 I: FIRST STATUS DISPLAYED                                       LAST
```

Date: 04-15-2020 Time: 11:59:25.81

Page: 1 Document Name: untitled

AMHS 04/15/20 HISTORY SUMMARY 11:58:23
CUR *ACCT MSG*
CTL2 001 CTL3 000 CTL4 0000 ACCT XXXXXXXXXX1200 ADORNO, ZUJEI
START DATE 11/13/19

OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC, H=SPLIT HIST
D=DISPUTED ITEM STATUS CHG

| OPT | EFF DATE | TRAN | DESCRIPTION | TRAN AMOUNT | POST BALANCE |
|---|---|---|---|---|---|
| | 11/13/19 | 7070 | MOVE TO NONACCR | 27.70 | 33,636.00 |
| | 11/13/19 | 7072 | INC NON RECVY | 27.70 | 33,636.00 |
| | 11/13/19 | 3030 | SET NONACCRUAL KEY = INT 01 | | |
| | 11/13/19 | 7070 | MOVE TO NONACCR | 784.09 | 33,636.00 |
| | 11/13/19 | 7072 | INC NON RECVY | 784.09 | 33,636.00 |
| | 12/02/19 | 7011 | FEE ASSESSMENT | 24.28 | 33,636.00 |
| | 12/16/19 | 8080 | PAY BY PHONE | 485.50 | 33,195.00 |
| | 12/31/19 | 7011 | FEE ASSESSMENT | 24.28 | 33,195.00 |
| | 01/21/20 | 8080 | PAY BY PHONE | 485.50 | 32,709.50 |
| | 01/31/20 | 7011 | FEE ASSESSMENT | 24.28 | 32,709.50 |
| | 02/18/20 | 8080 | PAY BY PHONE | 485.50 | 32,224.00 |
| | 03/02/20 | 7011 | FEE ASSESSMENT | 24.28 | 32,224.00 |
| | 03/18/20 | 8080 | PAY BY PHONE | 485.50 | 31,738.50 |
| | 03/31/20 | 7011 | FEE ASSESSMENT | 24.28 | 31,738.50 |

PF2-NEXT PAGE PF3-PREV PAGE PF6-SELECT

Date: 04-15-2020 Time: 11:59:31.55

Label Matrix for local noticing
0104-3
Case 19-06479-BKT13
District of Puerto Rico
Old San Juan
Wed Apr 15 13:28:41 AST 2020

Asociacion Propietarios Praderas de Navarro
PO Box 361541
San Juan, PR 00936-1541

EMI EQUITY MORTGAGE INC
c/o WVS LAW LLC
17 MEXICO STREET
SUITE D-1
SAN JUAN, PR 00917-2202

POPULAR AUTO LLC
PO BOX 366818
SAN JUAN, PR 00936-6818

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Amex
PO Box 981537
El Paso, TX 79998-1537

Asoc de Prop de Praderas de Navarro
386 Zafiro Street
Gurabo, PR 00778-9057

Autoridad de Energia Electrica
PO Box 363508
San Juan, PR 00936-3508

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Caribe Federal Credit Union
195 O Neill St
San Juan, PR 00918-2404

CashMax Title Loans
Consolidate Mall Ave Gautier Benitez
Caguas, PR 00725

Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Claro
PO Box 360998
San Juan, PR 00936-0998

Club by Wyndham
6277 Sea Harbor Dr
Orlando, FL 32821-8043

DEPARTMENT OF TREASURY
BANKRUPTCY SECTION 424 B
PO BOX 9024140
SAN JUAN, PR 00902-4140

Departamento de Hacienda
PO Box 9024140
San Juan, PR 00902-4140

Dish Network
800 SW 39th/PO Box 9004
Renton, WA 98057-9004

Doctor Center Hospital
1395 Ave San Rafael
Santurce, PR 00909-2518

FIRST BANK
CONSUMER SERVICE CENTER
BANKRUPTCY DIVISION (CODE 248)
PO BOX 9146, SAN JUAN,PR 00908-0146

First Bank/Leasing
PO Box 11852
San Juan, PR 00910-3852

Firstbank PR
PO Box 11856
San Juan, PR 00910-3856

Firstbank Puerto Rico
PO Box 11856
San Juan, PR 00910-3856

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Old Navy Visa/Syncb
PO Box 960017
Orlando, FL 32896-0017

POPULAR AUTO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PUERTO RICO 00936-6818

PREPA - BANKRUPTCY OFFICE
PO BOX 364267
SAN JUAN PR 00936-4267

Popular Leasing
PO Box 362708
San Juan, PR 00936-2708

Popular Leasing
PO Box 70370
San Juan, PR 00936-8370

Sistema de Salud Menonita
Ave Luis Colon Santos Carr 173 Km 1.1
Cidra, PR 00739